## BOARD OF EDUCATION OF WELLSTON v WELLSTON (city)

Ohio Appeals, 4th Dist, Jackson Co

Decided Nov 1, 1932

Roy J. Gillen, Wellston, for plaintiff in error.

H. W. Ankrom, City Solicitor, Wellston, for defendant in error.

BY THE COURT

The strength of the demurrer rests upon that part of §3963, GC, providing that no charge shall be made by a city for supplying water for the use of public school buildings in such city. It is agreed that, if that part of the section referred to is constitutional, the judgment must be reversed, otherwise the judgment should be affirmed.

This question brings into review the conflicting judgments of the Supreme Court in **City of East Cleveland v Bd. of Ed. of City School Dist. of East Cleveland, 112 Oh St, 607, 148 NE, 350, and Bd. of Ed. of City School Dist. of Columbus v City of Columbus, 118 Oh St, 295, 160 NE, 902.** In the first of these cases the act in question had been sustained by the Court of Appeals, and the judgment of that court was affirmed by a minority of the Supreme Court. In the second case another Court of Appeals held the act unconstitutional, and this judgment was affirmed by a majority of the Supreme Court.

It is now argued that as the personnel of the Supreme Court has not substantially changed, this court may dispose of the case as one of first impression, and that the Supreme Court will affirm whatever judgment is rendered by this court; that the act is now unconstitutional in the second appellate district of Ohio and constitutional in the eighth and ninth districts, and valid or invalid in other districts as may be subsequently determined by the Court of Appeals in such other districts, the personnel of the Supreme Court, and the constitutional provision necessarily operating to that end. We do not share that view. The Constitution of the state of Ohio rests equally upon every foot of Ohio soil. The act is either constitutional in every district or unconstitutional in every district. The limitations imposed by the Constitution on the power of the Supreme Court to nullify the legislative will by holding a law unconstitutional is expressed in §2, **Article IV,** as follows: "No law shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the Court of Appeals declaring a law unconstitutional and void."

This provision was adopted in view of the often expressed public policy of this state that no legislative enactment should be nullified by the courts unless it should be found beyond a reasonable doubt, or beyond a substantial doubt, to offend against some provision of the fundamental law. **8 Ohio Jurisprudence, 166, §64.** This provision was adopted under the view that the popular will expressed either through the people's legislators or by direct legislation could not be found to be clearly offensive to the Constitution, so clearly that no substantial doubt thereof existed, when a Court of Appeals and as many as two judges of the Supreme Court found that it was in harmony with the Constitution. If

it were permissible for a court to criticize at all the law, which it is its duty only to construe and apply, it might be said that the mistake of the people in adopting this provision was that they did not take into account the pride of personal opinion and that there is nothing to compel judges to follow the constitutionally entered judgment of the Supreme Court as against their fixed individual views.

The decision in the East Cleveland case had the effect of determining the act in question to be constitutional, not alone in one district, but throughout Ohio, and for the reasons expressed in the opinion in that case we would follow it if we felt, as the plaintiff in error argues, that we have the right to make the law in the fourth district. We might have the power. We have not the right. The duty of the Court of Appeals is to follow the last word of the Supreme Court. In the Columbus case it was held by the Supreme Court that that part of the section relied upon by the defendant was unconstitutional and void. If so it is a nullity in every part of this state. The Supreme Court must be followed. The trial court was right in overruling the demurrer.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.